## COMMONWEALTH *vs.* JOHN M. KEYON.

In an indictment for a continuing offence, the insertion of the allegation of place between the first day named and the time limited in the *continuando* does not require the repetition of the words " then and there."

COMPLAINT for being a common seller of intoxicating liquors. The preliminary averments were that the defendant, " on the fourth day of July in the year eighteen hundred and sixty, at North Reading aforesaid, in the county of Middlesex, and from that day to the day of making this complaint," &c. At the trial in the superior court, before *Wilkinson*, J., the defendant contended that the proof of sales should be confined to the 4th of July, or some other day certain, because there was no allegation of place connected with the *continuando ;* but the court ruled otherwise, and the defendant, having been convicted, alleged exceptions.

*C. P. Judd*, for the defendant.

*Phillips*, A. G., for the Commonwealth.

BY THE COURT. The insertion of the allegation of place between the first day named and the time limited in the *continuando*, though not commendable, in point of style, does not change the sense, or require any repetition of the words " then and there." *Exceptions overruled.*